## MARK HOLLINGSWORTH *versus* PHINEAS DOW.

Where one who had contracted to finish a machine, employed a mechanic, without the knowledge of the owner, to perform the work, disclosing to him the contract with the owner, it was *held*, that such mechanic did not acquire a lien in his own right, for his labor upon the machine, as against the owner, although the owner knew that he was performing the work, while it was in progress.

REPLEVIN to recover the possession of a Fourdrinier paper machine.

At the trial, before *Wilde* J., it appeared, that the plaintiff, having purchased the machine in an unfinished state, entered into a contract with James Nesbit, by which it was stipulated that Nesbit should finish the machine for $950, of which sum $200 were to be paid when the machine should be finished and delivered, and the residue in six months afterwards, and that the machine should be completed in ten weeks from the date of the contract.

Nesbit, being called as a witness by the plaintiff, testified, that after this contract was made, he called upon the defendant and disclosed to him the terms of the contract with the plaintiff, and, without the consent or knowledge of the plaintiff, agreed with the defendant, that he should finish the machine, that the defendant accordingly took it into his shop for this purpose, and in the progress of the work, which was laid out by Nesbit, furnished some materials for it ; and that in July 1836, the machine was taken from the defendant's possession by the writ in this case.

It further appeared, that an agent of the plaintiff came frequently to look at the machine while it was in the defendant's workshop, and occasionally spoke to him respecting it.

The judge instructed the jury, that if they were satisfied that the defendant took the machine into his possession with a knowledge of the contract between Nesbit and the plaintiff, he did not acquire any lien, by reason of the materials and labor furnished and bestowed upon it by him, which would entitle him to hold the machine against the claims of the plaintiff.

The jury returned a verdict for the plaintiff.

The defendant excepted to these instructions.

*H. H. Fuller* and *Washburn*, for the defendant, cited 2 Kent's Comm. 496, 497 ; *Schooner Volunteer*, 1 Sumner, 551 ; *Chase v. Westmore*, 5 Maule & Selw. 180 ; *York v. Grenaugh*, 2 Ld. Raymond, 866 ; *Man v. Shiffner*, 2 East, 523 ; *M' Combie v. Davies*, 7 East, 5 ; *Urquhart v. M'Iver*, 4 Johns. R. 103 ; Story on Bailm. 205, 215.

*A. Cushing* and *Chandler*, for the plaintiff, cited *Fells v. Read*, 3 Ves. 70 ; Yelv. (Metcalf's ed.) 67, note ; *Hartop v. Hoare*, 3 Atk. 44 ; *Hiscox v. Greenwood*, 4 Esp. 174 ; *Cowell v. Simpson*, 16 Ves. 275 ; *Raitt v. Mitchell*, 4 Campb. 145 ; *Jarvis v. Rogers*, 15 Mass. R. 396.

SHAW C. J. delivered the opinion of the Court. Some of the questions reserved at the trial have been waived, and the only one insisted upon for the defendant is, whether he had a lien on the machine for his materials and labor upon it. It appears to us that he had no such lien, and that the instruction to the jury to that effect, was right.

The plaintiff was the owner of the machine, and agreed with Nesbit to finish it within a certain time, and to do the labor and provide the materials, for $950, of which the sum of $200 was to be paid on the machine being completed, and $750 in six months afterwards. Nesbit agreed with Dow to take the machine into his shop, and contribute to the labor of finishing it, which he did, he, at the time, knowing of the contract.

It may be admitted, that as between Nesbit and the plaintiff, Nesbit would have had a lien on the machine for the $200 payable on its completion and delivery ; but this does not at all affect the right of the plaintiff. Nesbit did not complete his contract, and it does not appear that he had not been paid more than $200, nor that he transferred his lien for this amount to the defendant. The defendant did not claim to hold this machine in behalf of Nesbit and to preserve his lien, but he claimed a lien for himself, as against the plaintiff, for his work and materials generally. And to this, there are decisive objections.

First. Dow, knowing that the machine was owned by the plaintiff, and that Nesbit had made a contract with the plaintiff to finish it, knew that for the work done, the plaintiff would be debtor to Nesbit and not to him, and therefore he could have

20

no claim upon the plaintiff. It follows, as a necessary conse· quence, that his contract with Nesbit was a sub-contract, and that the work done by him was done on Nesbit's personal credit.

Again, a lien is a proprietary interest, a qualified ownership, and, in general, can only be created by the owner, or by some person by him authorized. In case of innholders and a few others, who are by law bound to give credit for the keeping of horses, &c. it may well be held that the person putting up the horse at the innkeeper's stable, shall be deemed the agent of the owner, whoever he is, so far as to provide for his sustenance, and therefore that the innkeeper may have a lien, though the horse be left by a person other than the owner. But the general rule is as above stated, that the right of lien must be given by one having the right of property. Now the defendant knew, that the machine was the plaintiff's property, that he had made a personal contract with Nesbit, that under that contract the plaintiff would become the debtor of Nesbit, and would discharge himself by paying Nesbit, and therefore he knew that Nesbit could give him no lien. Nor does the fact, that the plaintiff knew that Dow was doing the work, make any difference ; the presumption only would be, that he knew the fact as it was, to wit, that Dow was doing the work under a sub-contract with Nesbit, and upon his credit. The defendant could easily have protected himself by giving notice to the plaintiff that he would not do the work, without the security of a lien, and by declining to do it if the plaintiff would not give him such lien. One short view of the subject, but we think a decisive one, is, that a lien to a *mechanic* for work and materials, whether given by law, by usage or by contract, is a pledge or collateral security for the payment of labor and materials done on the article. This, of course, implies, that the debt is due from the person against whom the *pledge* is claimed, unless the owner have, by some express act or by implication, pledged or authorized another to pledge his property for the debt of another. As we view the case, no such authority was given by the plaintiff to Nesbit, and, by the sub-contract of Nesbit with the defendant, the plaintiff did not become the debtor of the defendant, though the work was done on his property

*Judgment on the verdict.*